UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYNN K. C. SINES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-178-HAB-SLC |
| CATHY COLLINS, et al., | |
| Defendants. | |

### OPINION AND ORDER

Lynn K. C. Sines, a pro se plaintiff, proceeds on a claim for damages against Officer Righter, Officer Cloud, Officer Weaver, Officer C. Russell, and Jail Commander Collins for denying him adequate procedural safeguards for the disciplinary hearing on February 7, 2024, in violation of his rights under the Fourteenth Amendment. ECF 3. On March 6, 2025, the defendants filed the pending motion for summary judgment, arguing that Sines cannot demonstrate a procedural violation and that any such violation amounts to harmless error. ECF 72.

The defendants also provided Sines with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 76. The notice informed Sines of the consequences of forgoing a response. *Id.* It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a).

Nevertheless, the deadline to file a response to the motion for summary judgment expired on April 3, 2025, and Sines has not filed a response.

FACTS

During the events of the complaint in February 2024, Sines resided at the Fulton County Jail as a pretrial detainee, though he was released on March 8, 2024. ECF 1, ECF 8. The Fulton County Jail maintains a booklet of inmate rules and regulations, including a list of disciplinary offenses. ECF 75-3. General Offense 13 prohibits fighting and defines it as "willfully engaging in a physical struggle with one or more inmates." *Id.* at 19. On February 5, 2024, Officer Righter charged Sines with violating General Offense 13 based on her review of a video surveillance recording from that morning. ECF 75-5. According to the charge, the video recording showed Sines in a heated discussion with another inmate, that Sines hit the other inmate with an open hand to the right side of the face, and that Sines unsuccessfully tried to hit the other inmate again. *Id.*

According to Sines' deposition, Officer Righter, Officer Cloud, and Officer Weaver provided him with the disciplinary charge and a Notice to Inmate of Rights form on February 6, 2024, though they declined to answer all of his questions about the role of a lay advocate. ECF 75-10 at 7-8. He refused to sign the Notice to Inmate of Rights form. *Id.* at 9. He asked for a lay advocate, but he did not receive one. *Id.* at 8. He asked Officer Lorona and Officer Mike Russell for witness statements, but they did not provide them. *Id.* at 9. According to Sines, these officers would have represented that the other inmate was the aggressor and that, if they had intervened, Sines would not have had to defend himself. *Id.* at 12. He also asked Inmate Caudill for a witnesses

2

statement, which he provided. ECF 75-6. According to Inmate Caudill, Sines and the other inmate argued about the television volume and that the other inmate escalated the argument by urging Sines to "do something." *Id.*

On February 6, 2025, Sines also provided a lengthy statement in which he disputed that the disciplinary charge sufficiently stated a violation of General Offense 13 because it did not indicate that the other inmate fought back or engaged in a physical struggle with Sines. ECF 75-10 at 69-70. He accused the other inmate of committing criminal offenses. *Id.* He represented that the other inmate "raised his fist multiple times in a threatening manner and told [Sines] to come in his cell to fight over it." *Id.* He represented that he "only used the force necessary to inform [the other inmate that] he was not going to threaten and provoke others." *Id.*

On February 7, 2025, Officer Caleb Russell presided over the disciplinary hearing and documented his finding of guilt and the sanction of one month on lockdown on Inmate Caudill's witness statement form. ECF 75-6. According to Sines, the evidence presented to him at the hearing was his statement, Inmate Caudill's statement, and a still frame of the surveillance video recording. ECF 75-10 at 11. According to Officer Caleb Russell's affidavit, the disciplinary charge was also presented at the hearing. ECF 75-9.

## STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a

3

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

## DISCUSSION

The defendants argue that they are entitled to summary judgment because Sines has not demonstrated a procedural violation and because any such violation amounts to harmless error. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. For convicted prisoners, procedural due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "However, pretrial confinees are not similarly situated; they are not under a sentence of confinement, and therefore it cannot be said that they ought to expect whatever deprivation can be considered incident to serving such a sentence." *Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999). "When discipline impinges on a detainee's recognized liberty interest, due process requires (among other things) timely notice and the right to call witnesses and present evidence." *Johnson v.*

4

*Murray*, 2024 WL 208152, at *2 (7th Cir. 2024) (citing *Prude v. Meli*, 76 F.4th 648, 656–57 (7th Cir. 2023)). Because the sanction of a monthlong lockdown amounts to a nontrivial punishment imposed on a pretrial detainee, Sines' liberty interests were implicated, and he was entitled to procedural due process. *See Johnson*, 2024 WL 208152 at *1.

Sines asserts that the defendants violated his right to procedural due process by denying his request for a lay advocate and refusing to answer his related questions. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Sine's filings in this case and his deposition transcript demonstrate his literacy, and the disciplinary charge was not particularly complex. Therefore, the defendants did not violate Sines' procedural rights by declining to provide him with a lay advocate or for answering his questions about a lay advocate.

Sines asserts that the defendants violated his right to procedural due process by denying his requests for witness statements. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The defendants do not expressly explain why they did not obtain witness

5

statements from Officer Lorona and Officer Mike Russell, though they imply that Sines did not cooperate and that the witness statements were unnecessary because the factual basis for the disciplinary charge was not in dispute.

In any event, the court agrees that the denial of witness statements amounted to, at most, harmless error. *See Adams v. Reagle*, 91 F.4th 880, 896 (7th Cir. 2024) (applying harmless error analysis to a prison disciplinary proceeding in a Section 1983 claim); *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding on habeas review); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Sines' argument at the disciplinary hearing consisted of two main components: (1) the charged conduct did not satisfy the definition of the fighting offender; and (2) his battery of the other inmate was justified by self-defense and the failure of jail staff to intervene. The anticipated statements of Officer Lorona and Officer Mike Russell did not relate to the insufficiency of the charges argument, and Sines' representations regarding the actions of the other inmate and jail staff were undisputed.

Sines asserts that the defendants violated his right to procedural due process by failing to provide him with a written explanation of the decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The court finds that the written explanation of the decision was lacking because it does not adequately describe the evidence upon which the hearing officer relied. The statement of Inmate Caudill, which described only the events leading up to the Sines striking the other inmate, was not sufficient to find Sines guilty of fighting.

Nevertheless, the court finds that the lack of an adequate written explanation too amounts to harmless error. Sines testified that he understood that the evidence presented at the hearing consisted of his statement, Inmate Caudill's statement, and a still frame of the surveillance video recording and that he had reviewed the disciplinary charge the day before the hearing. He was thus fairly apprised of the evidence upon which the hearing officer relied to find him guilty, and he does not suggest that he suffered any prejudice as a result of the inadequate written explanation of the decision.

In light of Sines' pro se status and in an abundance of caution, the court will also address Sines' arguments raised at the hearing, which resemble sufficiency of the evidence arguments.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The disciplinary charge, the still frame, and Sines' statements showing that Sines initiated a physical fight with another inmate constitute some evidence that Sines engaged in fighting under jail rules. To Sines' point, the definition of the fighting offense was arguably ambiguous as to whether it required any other inmate to fight back or to engage in a physical struggle, but the jail staff apparently interpreted the fighting offense as not requiring the other inmate to fight back. Though Sines disagrees

7

with this interpretation, a disagreement with "state officials' reading of state law" is not a valid basis for habeas relief. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020). Additionally, though Sines argued that he acted in self-defense, he has no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *See Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Nor is such a defense recognized by the Fulton County Jail. ECF 75-3.

In sum, Sines has not demonstrated that the defendants violated his procedural rights by denying him a lay advocate or by finding him guilty based on insufficient evidence. Further, while the defendants may have denied Sines requests for witness statements and failed to provide an adequate written explanation of the decision, these shortcomings amount to no more than harmless error. Consequently, the court will grant the defendants' motion for summary judgment. Because no claims remain, the court will also dismiss this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 72); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on April 16, 2025.

                                                              s/ Holly A. Brady  
                                                              CHIEF JUDGE  
                                                              UNITED STATES DISTRICT COURT